IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GOLDLEAF FINANCIAL SOLUTIONS, INC., | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Civil No. 3:07-0998 |
| MERCHANTS & PLANTERS BANK, | ) ) | Judge Trauger |
| Defendant. | ) | |

**MEMORANDUM and ORDER**

The plaintiff has filed a Petition to Compel Arbitration (Docket No. 1), which has been supported by a Memorandum (Docket No. 9) and is opposed by the defendant (Docket No. 10).

Factual Background

Plaintiff Goldleaf Financial Solutions, Inc. ("Goldleaf") and defendant Merchants & Planters Bank ("Merchants") entered into a Business Manager Program Agreement ("Agreement") on May 31, 2005. (Docket No. 1, Ex. A) Simply put, under the Agreement, Merchants was to utilize Goldleaf's software application services to manage accounts receivable financing, and Goldleaf was to assist Merchants in the marketing of the accounts receivable program to the bank's customers.

Merchants has filed a lawsuit against Goldleaf and others, claiming that Goldleaf employee Charles McGeehan, along with others, negligently and/or fraudulently misrepresented to Merchants that Merchants' customer AAP's contract with another provider of accounts receivable management services had been terminated and that, therefore, AAP was free to enter into a contractual arrangement of that sort with Merchants, which AAP did. Merchants claims

1

that, in fact, AAP was still bound by the pre-existing contract and that Merchants is now facing potential liability for tortious interference with contractual rights, among other potential causes of action. Indeed, on September 25, 2007, Merchants was sued in the United States District Court for the Southern District of Mississippi by Advance Payroll Funding, Ltd. ("Advance"), the party claiming to have had a pre-existing contract with Merchants' customer AAP, for interference with contractual and business relationships. (Docket No. 10-2) Merchants had filed suit on its claim against Goldleaf and others in the Circuit Court of the Second Judicial District of Hinds County, Mississippi, September 21, 2007. (Docket No. 9-2, Ex. B) Goldleaf argues that, under the Agreement with Merchants, these claims against Goldleaf must be arbitrated. Merchants argues that these claims need not be arbitrated, as the dispute resolution provision in the Agreement must be interpreted to require that both parties agree to arbitrate a claim, and Merchants does not so agree.

Analysis

Whether or not Merchants will be compelled to arbitrate its claims against Goldleaf turns on the interpretation of the dispute resolution clause in the Agreement, which provides:

> **16.0 GOVERNING LAW AND DISPUTE RESOLUTION**. This Agreement shall for all purposes be governed by and interpreted in accordance with the laws of the State of Tennessee. PBIZ[1] and the Bank shall make an effort to settle any disputes that may arise with respect to the terms and conditions or any subject matter referred to, in or governed by this Agreement within thirty (30) days from the date the dispute is first discussed between the Parties. If such dispute cannot be so settled, then the Parties may to [sic] submit the matter to arbitration. Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules and judgment on the award

---

[1] "PBIZ" stands for Private Business, Inc. Plaintiff Goldleaf is a successor to PBIZ. (Docket No. 1 at 2)

2

>rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.  The arbitration hearing shall be conducted in Brentwood, Tennessee.  The Parties agree to be bound by the decision and award of the arbitration.  Notwithstanding these dispute resolution provisions, PBIZ may exercise all rights and remedies to seek and obtain injunctive and/or other equitable relief to protect its proprietary and confidential information or property from any court of competent jurisdiction.

(Docket No. 1, Ex. A at 5)

Under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, there is a strong presumption in favor of arbitration.  *O. J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003).  "[A]ny doubts regarding arbitrability must be resolved in favor of arbitration." *Highlands Wellmont Health v. John Deere Health*, 350 F.3d 568, 573 (6th Cir. 2003) (internal citations omitted).

At first blush, the dispute resolution paragraph in the Agreement appears to contain an internal contradiction, in that both "may" and "shall" appear in conjunction with "arbitration."  Merchants argues that this usage does create an internal contradiction and that, therefore, the court must follow the "governing law" provision in this paragraph and consult the contract law of Tennessee in interpreting the Agreement.  However, further analysis leads this court to conclude that the dispute resolution paragraph is not ambiguous or contradictory.

With respect to "*disputes that may arise with respect to the terms and conditions or any subject matter* referred to, in or governed by this Agreement," the parties "*may*" agree to submit them to arbitration if they cannot be resolved after 30 days notice of the dispute is given.  However, the provision goes on to state that disputes that ripen into a "*controversy or claim arising out of or relating to this contract, or the breach thereof, shall* be settled by arbitration."  This dispute resolution procedure seems to create two categories of disagreement.  Disputes

3

about terms and conditions in the Agreement are less serious and hopefully can be resolved within the 30-day cure period provided in the Agreement. However, once those disputes fail of informal resolution, they either ripen into a controversy or claim that *must* be arbitrated, or they are not further pursued. Any other interpretation of this paragraph would eviscerate and nullify the required arbitration of controversies or claims, something which the parties to the Agreement consented to by their execution of the Agreement.

Both parties agree that Merchants' claims that Goldleaf misrepresented to it that AAP's prior accounts receivable contract had been terminated and that it was free to enter into a new contractual relationship for accounts receivable with Merchants was presented to Goldleaf by the bank, discussed by the parties, and attempts were made to resolve it, without success. The dispute then ripened into a "claim" that has been asserted in a lawsuit. The claim certainly is one that arises out of or relates to the contract, as Merchants attached the Agreement to the Mississippi state court Complaint and refers throughout that Complaint to the relationship between Merchants and Goldleaf established by this Agreement. In fact, the claims of misrepresentation by Goldleaf arise out of the actions of their representative's fulfilling Goldleaf's obligation under the Agreement to assist the bank with marketing efforts.

With due regard for the strong presumption in favor of arbitration and the tenet that doubts regarding arbitrability must be resolved in favor of arbitration, the court finds that the Agreement mandates that Merchants' asserted claims against Goldleaf must be arbitrated. Moreover, substantial case law in this Circuit holds that the use of "may" in an arbitration provision does not dictate that arbitration is permissive, as opposed to mandatory. *See Atkins v. Louisville and Nashville R. Co.*, 819 F.2d 644, 647-8 (6th Cir. 1987) and cases cited therein.

4

For the reasons expressed herein, the court finds that Merchants' claims of negligent and/or fraudulent misrepresentation against Goldleaf are claims that must be resolved through arbitration administered by the American Arbitration Association. Therefore, Goldleaf's Petition to Compel Arbitration (Docket No. 1) is **GRANTED**. However, Goldleaf's request that this court stay judicial proceedings in other courts pending arbitration (Docket No. 1 at 3) is **DENIED**. Goldleaf must make application to the courts in which these claims are pending for a stay of proceedings pending the ordered arbitration.

It is so **ORDERED.**

Enter this 25th day of January 2008.

_____
ALETA A. TRAUGER
United States District Judge